Raymond J. MITCHELL, Petitioner,

v.

Ted ENGLE et al., Respondents.

No. C 77-7.

United States District Court,
N. D. Ohio, E. D.

Nov. 7, 1977.

Steven F. Mitchell, Cleveland, Ohio, for petitioner.

William J. Brown, Simon B. Karas, Columbus, Ohio, for respondents.

MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

This is a pro se petition for writ of habeas corpus. As petitioner seeks release from custody resulting from state proceedings, the Court will treat this matter as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner's sole basis for seeking a writ of habeas corpus is:

Denial of a fair and impartial trial requiring the defendant to stand trial wearing 'jail clothing' without his personal possession, ownership or access to civilian attire despite the defendant's expressed objections.

The gravamen of this petition lies in the reasoning of *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126. There is no question but that *Estelle v. Williams, supra,* stands for the proposition that compelling an incarcerated accused to stand trial in jail garb, over objection, is Constitutionally invalid.

In the instant case, the relevant colloquy regarding defendant Mitchell's attire at trial is set forth in the copy of the record attached to "appellant's memorandum in support of jurisdiction," apparently so captioned in a prior matter, submitted by Mitchell in support of this petition:

THE COURT: All right, Mr. Mitchell. I understand this question came up before: What is your clothes situation? Do you have any clothes, civilian clothes?

THE DEFENDANT: The clothing I had were confiscated, stolen or confiscated by the Cleveland Police Department and they have made no effort to return them to me.

The reason for stealing them or confiscating them, I have no knowledge of. Perhaps you could ask them and they would tell you.

They don't tell me.

THE COURT: Do you have any relatives that could have supplied you clothes?

THE DEFENDANT: I'm speaking about the clothing taken from me by the Cleveland Police.

THE COURT: I am talking about the—

THE DEFENDANT: I don't see where it would have anything to do with it. I'm not going to respond to anything other than the fact that the clothes were taken by the police.

THE COURT: All right; well, the defendant will stand trial in his present clothes.

THE DEFENDANT: I object to standing trial in my present clothing. I take exceptions to your ruling.

THE COURT: All right. You may, for the record.

THE DEFENDANT: All right.

THE COURT: All right.

Memorandum at 68–70, Record at 19–21.

It is clear from this portion of the record that while defendant did make objection to standing trial in jail garb, this objection was made only after the trial judge had made repeated efforts to inquire regarding defendant's ability to obtain civilian clothing. Defendant repeatedly refused to discuss the question of availability of alternate clothing, other than in the context of trying to recover certain specific items from the Cleveland Police Department.

The trial court initiated discussion of the clothing defendant was to wear at trial in an effort to ascertain whether defendant had alternate civilian garb available. Defendant would not discuss the matter. Surely, neither the Constitution nor the Supreme Court's recent analysis in *Estelle v. Williams* contemplate that a trial judge must automatically provide civilian clothing to every defendant who makes a garb-related objection, with no inquiry as to the ability of defendant or his family to provide such clothing. Here, where the trial judge sought to make such a reasonable inquiry, defendant refused to discuss the matter. Essentially, defendant seeks to raise the trial court's compelling him to stand trial in jail garb to the level of a Constitutional infirmity, where reasonable inquiry regarding availability of civilian clothing to defendant was thwarted by defendant's own recalcitrance.

The Court is of the view that such recalcitrance constitutes an inexcusable proce-

dural default giving rise to a situation where the conviction should be left standing despite claimed infringement of a constitutional right. *Estelle v. Williams, supra* (Powell, J. and Stewart, J., concurring).

Accordingly, this petition for a writ of habeas corpus is denied.

IT IS SO ORDERED.